# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0908V
Filed: August 3, 2018
UNPUBLISHED

|  |  |
|---|---|
| DANIEL DIVACK,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On August 20, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 29, 2012. Petition at 1. On October 13, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 59).

  On April 16, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 65). Petitioner requests attorneys' fees in the amount of $35,870.60 and attorneys' costs in the amount of $19,637.26. *Id.* at 1-2. Additionally, in compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred $42.07 in out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $55,507.86.

On April 26, 2018, respondent filed a response to petitioner's motion. (ECF No. 66). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On April 30, 2018, petitioner filed a reply. (ECF No. 67). Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following attorney rates and hours billed.

The undersigned finds it necessary to reduce the hourly rate of Petitioner's counsel Ms. Strait. Petitioner's counsel billed at a rate of $295 for 2015, $306.00 for 2016 and $320.00 for 2017, and $322.00 for 2018. The undersigned finds the rate of $322.00 for work performed in 2018 reasonable. However, as is consistent with other cases in this program, Ms. Strait is awarded $300 per hour for work performed in 2016 and $307.00 per hour for work performed in 2017.[3] This results in a **reduction of $584.80**.[4]

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative overhead. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 6.3 hours[5] was billed by paralegals and attorneys on tasks considered

---

[3] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[4] This amount consist of ($306 - $300 x 32.9 = $197.40) + ($320 - $307 x 29.8 = $387.40) = $584.80.

[5] Examples of these entries include: June 19, 2015 (0.30 hrs) "Organize retainer packet, returned documents"; August 4, 2015 (0.20 hrs) "Process and mail correspondence to provider for production of records"; September 14, 2015 (0.20 hrs) "Organize and print subpoena packet to Long Island Jewish Medical Center. Request witness and mileage check to accompany same"; November 20, 2015 (0.20hrs) "Burn copies of medical records to CDs. Finalize and electronically file Notice of Filing. Send copies of

administrative including, verifying addresses, organizing the client file, listening to voicemails and coordinating private process services. For these reasons the undersigned will **reduce the attorney's fees request in the amount of $748.00**.[6]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $54,175.06[7] as follows:**

- **A lump sum of $54,132.99, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Danielle Strait; and**

- **A lump sum of $42.07, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

- **Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

                                                                **s/Nora Beth Dorsey**
                                                                Nora Beth Dorsey
                                                                Chief Special Master

---

medical records to DOJ and OSM." and September 28, 2016 (0.10hrs) "Send out correspondence to The Coordinating Center for work on LCP". These entries are merely examples and are not exhaustive.

[6] This amount consists of 2.40 hours at $105 per hour, 2.6 hours at $135 per hour and 1.0 hour at $145 per hour.

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.